UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAVID MCCLAIN,

                    Plaintiff,                    Case No. 1:21-cv-814

v.                                                Honorable Phillip J. Green

SCOTT HOLMES, et al.,

                    Defendants.

_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure,

Plaintiff consented to proceed in all matters in this action under the jurisdiction of a

United States magistrate judge.  (ECF No. 5.)  Under the Prison Litigation Reform

Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to

dismiss any prisoner action brought under federal law if the complaint is frivolous,

malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42

U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see*

*Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true,

unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S.

25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint

for failure to state a claim against Defendants Holmes, Wheeler, and Verschure.

## Discussion

### I.     Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Central Michigan Correctional Facility (STF) in St. Louis, Gratiot County, Michigan.  The events about which he complains, however, occurred at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan.  Plaintiff sues Prison Doctor Scott Holmes, RN Jeanne Bean, RN Luba Nagorny, RN Unknown Wheeler, and RN Verschure.

Plaintiff alleges that he suffers from chronic respiratory issues related to asthma and uses albuterol regularly to relieve his symptoms.  On September 18, 2018, while playing basketball in the DRF gym Plaintiff was hit hard in the nose, resulting in extreme pain, difficulty breathing, uncontrolled bleeding, swelling, and visible crookedness.  Plaintiff returned to his housing unit where he attempted to stop the bleeding and get his breathing under control.  But Plaintiff was unsuccessful, and three hours later, around 9:00 p.m., he spoke to Defendant Bean by telephone regarding his accident and his medical condition.  Defendant Bean told Plaintiff to tilt his head back, which caused Plaintiff to suffer sharp pain and the sensation of drowning.  Defendant Bean stated that Plaintiff likely needed health care, but the doctor and physician's assistant were not in, and she was not going to call at that hour just for Plaintiff's nose.  Defendant Bean refused Plaintiff's request for ice and left him to suffer pain, swelling, and difficulty breathing.

2

Approximately one week later, an officer called health services on Plaintiff's behalf and Plaintiff spoke to Defendant Nagorny regarding his pain, swelling, headache, difficulty breathing, and inability to sleep.   Defendant Nagorny told Plaintiff that his nose was not an emergency.

On September 28, 2018, Plaintiff was seen by Defendant Verschure, who compared Plaintiff's nose to his identification card photo and admitted that it looked slightly swollen and crooked.   Defendant Verschure gave Plaintiff over-the-counter pain relievers and advised him to apply a cool cloth to his nose and to report any worsening of his condition.   Plaintiff attaches a copy of Defendant Verschure's nurse's note to his complaint, which noted that Plaintiff's respiratory effort appeared normal and there was no active bleeding.   (ECF No. 1-2, PageID.15.)   Defendant Verschure stated: "No trauma observed inside nasal passages.   Right side of nose appears slightly crooked and slight swelling noted.   No ecchymosis noted."   (*Id.*)

On October 1, 2018, Plaintiff finally saw Defendant Holmes, who noted some degree of asymmetric swelling to the middle and right side of Plaintiff's nasal bridge and ordered that Plaintiff's nose be x-rayed.   (ECF No. 1-4, PageID.21–22.) Defendant Holmes also noted the absence of hematoma, ecchymosis, or orbital injury. (*Id.*)

On October 2, 2018, Plaintiff was x-rayed and diagnosed with a "non-displaced comminuted fracture of the shaft of the nasal bone with soft tissue swelling noted." (ECF No. 1-5, PageID.25.)   The x-ray also showed an "[a]lmost complete occlusion of the right maxillary sinus … representing trauma, blood is likely represented."   (*Id.*)

On October 16, 2018, the physician's assistant gave Plaintiff his x-ray results and ordered a bottom bunk detail and over-the-counter medications.  Plaintiff was also told that he should have been seen immediately, especially after telling Defendant Bean that he had been bleeding for three hours.  Defendant Bean should not have told Plaintiff to tilt his head back or refused to give him ice.  Plaintiff states that MDOC protocol required that the medical provider be contacted and the delay in treatment caused Plaintiff to suffer with a permanently crooked and swollen nose.

Plaintiff states that since his injury, he has problems with his right nostril, breathing, exercising, and is self-conscious about his appearance.  Plaintiff claims that Defendants violated his rights under the Eighth Amendment, as well as under state law.  Plaintiff seeks compensatory and punitive damages, as well as equitable relief.

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III.  Discussion

### A.  Eighth Amendment

Plaintiff claims that Defendants' conduct violated his rights under the Eighth Amendment.  The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes.  U.S. Const. amend. VIII.  The Eighth Amendment obligates prison authorities to provide medical care to incarcerated

individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

Deliberate indifference may be manifested by a doctor's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 104–05.

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true

6

medical situation, would deem the need for medical attention clear.  *See, e.g.*, *Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious).  If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care.  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Farmer*, 511 U.S. at 835.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.  To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . :  A jury is entitled to 'conclude that a prison

7

official knew of a substantial risk from the very fact that the risk was obvious.'"
*Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at
842)).

But not every claim by a prisoner that he has received inadequate medical
treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As
the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said
> to constitute an unnecessary and wanton infliction of pain or to be
> repugnant to the conscience of mankind. Thus, a complaint that a
> physician has been negligent in diagnosing or treating a medical
> condition does not state a valid claim of medical mistreatment under the
> Eighth Amendment. Medical malpractice does not become a
> constitutional violation merely because the victim is a prisoner. In order
> to state a cognizable claim, a prisoner must allege acts or omissions
> sufficiently harmful to evidence deliberate indifference to serious
> medical needs.

*Id.* at 105–06 (quotations omitted). Thus, differences in judgment between an inmate
and prison medical personnel regarding the appropriate medical diagnoses or
treatment are not enough to state a deliberate indifference claim. *Darrah v. Krisher*,
865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir.
2020); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (2014). This is so even if the
misdiagnosis results in an inadequate course of treatment and considerable suffering.
*Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a
complete denial of medical care and those cases where the claim is that a prisoner
received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5
(6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is

8

over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster*, 749 F.3d at 448; *Perez v. Oakland Cnty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440–41 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). He must demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

### 1. Defendant Bean

As noted above, Plaintiff alleges that he informed Defendant Bean of his injury and symptoms the evening of the accident. Although she acknowledged that Plaintiff likely needed medical care, she refused to call the medical provider. Nor did Defendant Bean provide Plaintiff with any treatment for his injury, such as ice or over-the-counter medications. The Court concludes that Plaintiff's allegations against Defendant Bean are sufficient to state a claim under the Eighth Amendment.

### 2. Defendant Nagorny

Approximately one week later, after Plaintiff continued to suffer from pain, swelling, difficulty breathing, and headaches, Plaintiff spoke to Defendant Nagorny after officers called health services on his behalf.  Plaintiff states that he informed Defendant Nagorny of his continued symptoms, as well as the details of his accident, but that Defendant Nagorny refused to see Plaintiff or provide any treatment and told him that his nose was not an emergency.  The Court concludes that Plaintiff's allegations against Defendant Nagorny are sufficient to state a claim under the Eighth Amendment.

### 3. Defendant Verschure

Plaintiff alleges that he was examined by Defendant Verschure on September 28, 2018.  Defendant Verschure noted that the right side of Plaintiff's nose looked slightly swollen and crooked, but that no trauma was observed inside his nasal passages and no ecchymosis was present.  Defendant Verschure gave Plaintiff over-the-counter pain relievers and advised him to apply a cool cloth to his nose and to report any worsening of his condition.  Plaintiff does not make any other allegations against Defendant Verschure.  The Court notes that Plaintiff's allegations against Defendant Verschure show that he examined Plaintiff and provided treatment in accordance with his observation of Plaintiff's condition.  Such allegations do not support a finding that Plaintiff's medical need was objectively serious, or that Defendant Verschure was deliberately indifferent to such a need.  In fact, it appears that Defendant Verschure acted in an appropriate manner in rendering treatment to

Plaintiff.   Therefore, Plaintiff's Eighth Amendment claim against Defendant Verschure is properly dismissed.

### 4.  Defendant Holmes

Plaintiff alleges that on October 1, 2018, Defendant Holmes examined Plaintiff and noted some degree of asymmetric swelling to the middle and right side of Plaintiff's nasal bridge.   Defendant Holmes also noted the absence of hematoma, ecchymosis, or orbital injury.   Defendant Holmes ordered that Plaintiff's nose be x-rayed.   Plaintiff's allegations against Defendant Holmes show that he observed trauma to Plaintiff's nose and ordered an x-ray to determine the extent of Plaintiff's injury.   Such allegations do not support a finding that Defendant Holmes was deliberately indifferent to a serious medical need, or that Defendant Holmes engaged in any wrongdoing whatsoever.   Therefore, Defendant Holmes is properly dismissed from this action.

### 5.  Defendant Wheeler

Plaintiff makes no allegations against Defendant Wheeler.   It is a basic pleading requirement that a plaintiff attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing

*Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)).  Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").  Plaintiff fails to even mention Defendant Wheeler in the body of his complaint.  His allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").  Therefore, Defendant Wheeler is properly dismissed from this action.

### B.    State law claims

Plaintiff claims that the conduct of Defendants Bean, Nagorny, and Verschure also violated his rights under state law.  Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).  Section 1983 does not provide redress for a violation of a state law.  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir.

1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  Plaintiff's assertion that Defendants violated state law therefore fails to state a claim under § 1983.

In determining whether to retain supplemental jurisdiction over Plaintiff's state law claims, the Court "should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotations omitted).  Because Plaintiff continues to have pending federal claims against Defendants Bean and Nagorny, the Court will exercise supplemental jurisdiction over his state-law claims against these Defendants.  But the Court has dismissed Plaintiff's federal-law claim against Defendant Verschure.  Therefore, the Court will dismiss without prejudice Plaintiff's state-law claim against Defendant Verschure.

### C.     Official capacity claims

With regard to the claims that Plaintiff has properly stated—the Eighth Amendment and state law claims against Defendants Bean and Nagorny—Plaintiff sues the defendants in their respective official and personal capacities.  A suit against an individual in his or her official capacity is equivalent to a suit brought against the governmental entity: in this case, the Michigan Department of Corrections.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  An official-capacity defendant is absolutely immune from

monetary damages.  *Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998); *Wells v. Brown*, 891 F.2d 591, 592–93 (6th Cir. 1989). Therefore, the Court will dismiss with prejudice Plaintiff's claims for monetary relief against Defendants Bean and Nagorny in their respective official capacities.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Holmes, Wheeler, and Verschure will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  These Defendants' federal-law claims will be dismissed with prejudice. Defendant Verschure's state-law claims will be dismissed without prejudice. Plaintiff's Eighth Amendment and state-law claims against Defendants Bean and Nagorny remain in the case; however, only the claims raised against Bean and Nagorny in their personal capacities remain.  Plaintiff's damage claims against Defendants Bean and Nagorny in their official capacities will be dismissed with prejudice.

An order consistent with this opinion will be entered.

Dated:   February 2, 2022                          /s/ Phillip J. Green
                                                   PHILLIP J. GREEN
                                                   United States Magistrate Judge

14